**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

FRIEDE CARTAGENA-RIVERA,

    Petitioner,

v.                                         Case No. 8:15-cv-2443-T-33AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner Friede Cartagena-Rivera, an inmate in the Florida Department of Corrections proceeding *pro se*, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) He challenges his convictions entered by the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. In the response (Doc. 7), Respondent agrees that the petition is timely. Cartagena-Rivera filed a reply. (Doc. 14.) Upon review, the petition must be denied.

**PROCEDURAL HISTORY**

The State charged Cartagena-Rivera with first degree murder (count one) and tampering with physical evidence (count two). (Doc. 9, Ex. 1, pp. 35-36.) A jury convicted him as charged on count two but could not reach a verdict on count one. (Doc. 9, Ex. 10, pp. 616, 621-22.) Accordingly, the trial court declared a mistrial on count one. (*Id.*, p. 622.) Upon retrial, a jury convicted Cartagena-Rivera of second degree murder with a firearm. (Doc. 9, Ex. 2, pp. 238-39.) He received concurrent sentences of life

imprisonment on count one and five years in prison on count two. (*Id.*, pp. 258-67.) The state appellate court *per curiam* affirmed Cartagena-Rivera's convictions and sentences. (Doc. 9, Ex. 13.)

The state appellate court rejected Cartagena-Rivera's state habeas petition filed under Florida Rule of Appellate Procedure 9.141. (Doc. 9, Exs. 15, 18.) Cartagena-Rivera then filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 9, Ex. 20, pp. 33-58.) The state court summarily denied two claims, and denied Cartagena-Rivera's remaining claims after conducting an evidentiary hearing. (*Id.*, pp. 24-153, 189-200; Doc. 9, Ex. 21, pp. 201-285.) The state appellate court *per curiam* affirmed the rejection of postconviction relief. (Doc. 9, Ex. 24.)

The state appellate court denied Cartagena-Rivera's second state habeas petition. (Doc. 9, Exs. 26, 27.) His motion to correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a) was denied by the state court. (Doc. 9, Exs. 30, 31.) Cartagena-Rivera did not appeal the denial.

## DISCUSSION

**Grounds One(B), Two, And Three**

In his reply, Cartagena-Rivera expressly waives the claims raised in Grounds One(B), Two, and Three. (Doc. 14, pp. 7-8.) Accordingly, the Court will not consider these grounds further.

**Ground One(A)**

Cartagena-Rivera argues that the trial court's refusal to allow testimony from Yosnel Bonet and Obamy Coellon Roca violated his right to present a defense. Specifically, he

claims that the court violated his Sixth Amendment right to a fair trial and his Fourteenth Amendment right to due process.

Cartagena-Rivera theorized that Eduardo Perez committed the murder. At the retrial, Perez testified that he did not tell anyone that he murdered the victim or that he "did the shooting." (Doc. 9, Ex. 4, pp. 349-50.) Cartagena-Rivera sought to present testimony from Bonet and Coellon Roca that they heard Perez make prior inconsistent statements confessing to the shooting. After counsel proffered testimony from Bonet and Coellon Roca, however, the trial court granted the State's motion in limine to exclude this testimony from trial. (Doc. 9, Ex. 6, pp. 584-616.)

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.,* 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied,* 531 U.S. 840 (2000). Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before a district court can grant habeas relief to a state prisoner under § 2254, however, the petitioner must exhaust all state court remedies that are available for challenging his conviction. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

Cartagena-Rivera's allegation of trial court error is unexhausted because he did not

fairly present the constitutional dimension of the claim on direct appeal.  When Cartagena-Rivera raised this claim, he presented it exclusively in terms of state law.  (Doc. 9, Ex. 11, pp. 34-45.)  In particular, Cartagena-Rivera's argument focused on § 90.614(2), Fla. Stat., which concerns the admissibility of extrinsic evidence of a prior inconsistent statement by a witness.  But he did not cite any federal authority, refer to any federal constitutional provisions, or raise any argument that the trial court's actions violated his federal constitutional rights.

In his reply, Cartagena-Rivera appears to concede that he failed to expressly raise a federal claim in state court, but argues that he nevertheless exhausted a federal claim because "[t]he raising of the claim on the state level serves to exhaust an analogous and identical Federal claim."  (Doc. 14, p. 3.)  Cartagena-Rivera's argument is unavailing.  The Eleventh Circuit Court of Appeals has stated, "[a]s we see it, it is not at all clear that a petitioner can exhaust a federal claim by raising an analogous state claim."  *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 460 (11th Cir. 2015).  Rather, "[t]he crux of the exhaustion requirement is simply that the petitioner must have put the state court on notice that he intended to raise a federal claim."  *Id.* at 457.  Therefore, "[t]he exhaustion doctrine requires the petitioner to 'fairly present' his federal claims to the state courts in a manner to alert them that the ruling under review violated a federal constitutional right."  *Pearson v. Sec'y, Dep't of Corr.*, 273 Fed. App'x 847, 849-50 (11th Cir. 2008) (citing *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)).

"The Supreme Court has suggested that a petitioner can exhaust his claim by, for example, 'including ... the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim [as a federal one].' " *Preston*,

785 F.3d at 457 (quoting *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1351 (11th Cir. 2012)). "It is not, however, 'sufficient merely that the federal habeas petitioner has been through the state courts, nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made.' " *Id.* (quoting *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004)). Because Cartagena-Rivera failed to inform the state appellate court that he intended to bring a federal claim, the exhaustion requirement remains unsatisfied.

State procedural rules do not provide for successive direct appeals. *See* Fla. R. App. P. 9.140. The federal claim Cartagena-Rivera now presents in Ground One(A) is therefore procedurally defaulted. *See Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001) (the doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established."). Cartagena-Rivera does not argue or demonstrate that either the cause and prejudice or fundamental miscarriage of justice exception applies to overcome the default. Accordingly, Claim One(A) is barred from review.

Accordingly, it is

**ORDERED** that Cartagena-Rivera's petition for writ of habeas corpus (Doc. 1) is **DENIED**. The Clerk is directed to enter judgment against Cartagena-Rivera and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

It **ORDERED** that Cartagena-Rivera is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. *Id.* To merit a COA, Cartagena-Rivera must demonstrate that reasonable jurists would find debatable whether the Court's procedural ruling was correct and whether the § 2254 petition stated "a valid claim of the denial of a constitutional right." *Id.*; *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). To make a substantial showing of the denial of a constitutional right, Cartagena-Rivera "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack*, 529 U.S. at 484), or that "the issues presented were 'adequate to deserve encouragement to proceed further'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Cartagena-Rivera has not made the requisite showing in these circumstances. Finally, because Cartagena-Rivera is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** at Tampa, Florida, on December 30, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Friede Cartagena-Rivera
Counsel of Record